No. 3402

Second Circuit

———

MORRIS v. OLIPHINT

———

(November 18, 1929.  Opinion and Decree.)

———

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for plaintiff, appellee.

Edward Huson, of Shreveport, attorney for defendant, appellant.

REYNOLDS, J. Plaintiff sued defendant to recover $213.20 with legal interest from judicial demand, of which amount $175.20 is for an alleged balance of wages due him for services as a mechanic, and the balance of $38 is for an alleged balance of wages due R. L. Davis for services as a mechanic assigned to plaintiff by Davis.

The answer of defendant is, in effect, a general denial. And she alleges that she was the lessee of the premises where plaintiff and his assignor were employed and of a garage equipment therein, and that she sublet the premises and let the garage equipment to her husband, Zach Oliphint, under an agreement that whenever the profits of the business should justify it he was to purchase the lease and the garage equipment from her.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant for $175.20 with legal interest thereon from judicial demand and defendant appealed.

OPINION.

Plaintiff's claim for $175.20 balance of wages claimed to be due him for services as a mechanic rendered by him to defendant was clearly established by the evidence. Plaintiff did not appeal from the judgment nor has he answered defendant's appeal and therefore his demand for $38 for balance of wages alleged to be due R. L. Davis by defendant for services as a mechanic rendered by him to her is not before this court.

The contention of defendant that she is not liable to plaintiff for the reason that she had sublet the premises in which the garage business was conducted to her husband and was to sell him the garage equipment whenever the profits of the business would justify a purchase is without merit.

Husband and wife are incapacitated from contracting with each other (Civil Code, article 1790) except in certain well defined cases of which the present is not one.

Plaintiff kept a record of the services rendered by him and the wages due him therefor and of the amounts paid him on

account thereof and the dates whereon they were paid, and this record establishes the validity of his claim. The defendant kept no record of the services he rendered or of the payments made him on account thereof and was therefore in no position to dispute the accuracy of his record.

We find no error in the judgment appealed from and accordingly it is affirmed.